Filed 12/30/14  In re B.P. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re B.P., a Person Coming Under the Juvenile Court Law. | B249350 |
| _____ | (Los Angeles County Super. Ct. No. KJ37953) |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| B.P., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Geanene M. Yriarte, Judge.  Affirmed as modified with directions.

The Law Offices of Cyn Yamashiro and Cyn Yamashiro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

A petition filed under Welfare and Institutions Code section 602 alleged that appellant B.P. committed misdemeanor battery and felony battery with serious bodily injury (Pen. Code, §§ 242, 243, subd. (d)).[1] After an adjudication hearing, the juvenile court sustained the petition and placed B.P. in Camp-Community Placement for three months.

The judgment is affirmed as modified.

## BACKGROUND

Viewed in accordance with the usual rule of appellate review (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence established the following.

On March 29, 2013, Selena M. was living in her grandparents' home along with her cousin, B.P. That afternoon, Selena was getting ready for work when B.P. knocked on her bedroom door and said to Selena's boyfriend "can you turn your fucking cell phone off?" Selena, who was just getting out of the shower, yelled at B.P., "What are you doing? I'm getting ready for work." B.P. responded by punching Selena in the head four times. When asked at trial, "what happened next?," M. "I was just grabbing her arms and telling her that I'm not going to hit you because you're a minor and I'm not going to go to jail for hitting you."

Selena grabbed B.P.'s arms and tried to hold them, but B.P. continued hitting her. In all, B.P. punched Selena about 12 times. Three other people in the house intervened and called the police, who arrived 30 minutes later and photographed Selena's injuries. Regarding the police photograph showing a large bruise beneath her left eye, Selena testified: "It actually got worse after the picture . . . was taken." Selena pointed out two less severe bruised areas above her left eye and testified the police photographs also showed a bruise on her upper lip and a cut on the inside of her lip. Selena did not seek any medical treatment for her injuries because she did not have insurance.

Selena testified the facial bruising lasted about ten days. In addition, she suffered extremely bad headaches for two weeks and could not stand for long periods of time.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

Her battered eye was swollen shut and for four days she lost complete use of it. When Selena tried to report for work at KFC, where she took food orders, her employer said: "You cannot work here like that." Her employer told her to leave.

At the time of the assault, Selena weighed 170 pounds and was five feet, two inches tall. B.P. weighed 95 pounds and was five feet, four inches tall. B.P. was 16 years old, and Selena was 34.

## CONTENTIONS

1. There was insufficient evidence to sustain the finding B.P. committed battery causing serious bodily injury.

2. Count 2 should have been dismissed because misdemeanor battery is a lesser included offense of the count 1 offense, battery causing serious bodily injury.

3. The juvenile court imposed an improper maximum term of confinement.

## DISCUSSION

1. *There was sufficient evidence of battery causing serious bodily injury.*

B.P. contends there was insufficient evidence to sustain the juvenile court's finding she committed battery with serious bodily injury. This claim is meritless.

    a. *Legal principles.*

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence – that is, evidence that is reasonable, credible, and of solid value – such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The federal standard of review is to the same effect: Under principles of federal due process, review for sufficiency of evidence entails not the determination whether the reviewing court itself believes the evidence at trial establishes guilt beyond a reasonable doubt, but, instead, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.] The standard of review is the same in cases in which the prosecution relies mainly on circumstantial evidence. [Citation.] ' "Although it is the duty of the [trier of fact] to acquit a defendant

3

if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the [trier of fact], not the appellate court[,] which must be convinced of the defendant's guilt beyond a reasonable doubt. ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment." ' [Citations.]" ' [Citation.]" (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

" 'The standard of proof in juvenile proceedings involving criminal acts is the same as the standard in adult criminal trials. [Citation.]' [Citation.] 'In considering the sufficiency of the evidence in a juvenile proceeding, the appellate court "must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence – such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. We must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence [citation] and we must make all reasonable inferences that support the finding of the juvenile court. [Citation.]" ' [Citation.]" (*In re Gary F.* (2014) 226 Cal.App.4th 1076, 1080,)

Section 243, subdivision (d), provides: "When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years." Subdivision (f)(4) of section 243 provides: " 'Serious bodily injury' means a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement."

b. *Discussion*.

The juvenile court announced it found B.P. had committed battery with serious bodily injury because Selena "was hit approximately 12 times throughout her body, at least four times on her face. It took three people to remove the minor off of her cousin. She . . . described her headache as being a very big headache, tons of bruises on her face, which the photographs that we have here were taken on the date of the incident. And she stated that her swelling and the effects of this attack got actually worse after this to the point where her eye actually closed up for four days and she couldn't even see out of her eye for four days." "She couldn't stand for a long period of time and, again, her eye was completely swollen for four days and her vision was impaired. She received four days' loss of work. Her face remained bruised and with injury for approximately a week and three days." "This is not a cosmetic injury. These injuries are not cosmetic. These are significant injuries where she received such severe swelling, it blocked her vision for a long period of time. This is not the normal type of injury you would see on a simple battery case, and the court is finding that count 1 has been proven beyond a reasonable doubt."

We are not persuaded by B.P.'s argument there was insufficient evidence to sustain the juvenile court's finding.

B.P. asserts the record shows Selena merely suffered "a number of non-permanent, transitory symptoms." But subdivision (f)(4) of section 243 does not require the victim to have suffered permanent injury and, in addition to the fact the list of injuries in subdivision (f)(4) is non-exclusive, several of the enumerated injuries could obviously occur in "transitory" situations, e.g., "loss of consciousness" and "concussion."

B.P. consistently tries to downplay the extent of Selena's injuries. For example, she asserts: "Here, the injuries were limited to minor cuts on the inside of the victim's mouth and substantial bruising and swelling to the victim's eye." Again: "[The victim] suffered bruising and swelling consistent with a fistfight, not the type of protracted, lasting injuries or conditions contemplated by the [case law]." And again: "[The victim] simply suffered a blackened and swollen eye and some bruising about her face,"

5

But as the Attorney General points out: "The juvenile court saw photographs of [Selena's] injuries. Appellant hit [Selena] in the head unexpectedly, repeatedly and with such force that one eye swelled shut and the inside of her lip was cut. The residual effects of appellant's blows were also substantial. [Selena's] face was swollen and discolored to the point her employer would not let her work at the counter of a fast food restaurant for four days. The bruising lasted approximately ten days, and for two weeks [Selena] suffered 'really bad headaches' and 'couldn't stand up for a long period of time.' "

And most significantly, there was undisputed evidence Selena lost the use of one eye for a period of four days. Subdivision (f)(4) specifically refers to the "protracted loss or impairment of function of any bodily member or organ." B.P. does not try to explain why Selena's eye injury did not fall within this definition.

B.P. argues the juvenile court reached the wrong result by improperly treating section 243's "serious bodily injury" element as the functional equivalent of the "great bodily injury" element under section 12022.7, which provides: "(a) Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." Subdivision (f) of section 12022.7 provides: "As used in this section, 'great bodily injury' means a significant or substantial physical injury."

However, this argument is a red herring because it is well-established that " 'serious bodily injury,' as used in section 243, is ' "essentially equivalent" ' to ' "great bodily injury," ' as used . . . in the section 12022.7 enhancement for the infliction of such injury on a person during the commission of a felony. [Citations.]" (*People v. Wade* (2012) 204 Cal.App.4th 1142, 1149-1150.) Hence, our Supreme Court has said: "[W]e acknowledge that ' "[s]erious bodily injury" and "great bodily injury" are essentially equivalent elements.' [Citation.]" (*People v. Burroughs* (1984) 35 Cal.3d 824, 831, disapproved on other grounds in *People v. Blakeley* (2003) 23 Cal.4th 82, 89.)

6

Nevertheless, our Supreme Court has acknowledged the statutory language in the two provisions is not identical, which may result in slight differences in jury instructions that are given: "We recognize that the terms 'serious bodily injury' and 'great bodily injury' have been described as ' " 'essential[ly] equivalent' " ' [citation] and as having 'substantially the same meaning' [citation]. [Citation.] However, the terms in fact 'have separate and distinct statutory definitions.' (*People v. Taylor* (2004) 118 Cal.App.4th 11, 24 . . . ['Unlike serious bodily injury, the statutory definition of great bodily injury does not include a list of qualifying injuries'].) This distinction may make a difference when evaluating jury instructions that provide different definitions for the two terms. [Citation.]" (*People v. Santana* (2013) 56 Cal.4th 999, 1008-1009.)

The situation that arose in *People v. Taylor* (2004) 118 Cal.App.4th 11, on which B.P. relies, has no applicability here. In that case, a jury convicted Taylor of battery with serious bodily injury, but specifically found he had not inflicted great bodily injury on the victim within the meaning of section 12022.7. At sentencing, however, the trial court ruled the conviction qualified as a serious felony, for sentencing enhancement purposes under section 667, subdivision (a),[2] because the "serious bodily injury" finding was the legal equivalent of a "great bodily injury" finding. This ruling was overturned on appeal: "Based on the instructions given, the prosecutor argued to the jury that the victim's bone fracture constituted serious bodily injury as a matter of law. Defense counsel did not respond to the prosecutor's argument regarding serious bodily injury. However, defense counsel did argue that the fracture did not constitute great bodily injury, because it was only a moderate injury. The jury apparently agreed with both of these arguments, finding that Taylor had inflicted serious bodily injury, but not great bodily injury. [¶] . . . [¶] *In these circumstances, the jury's finding of serious bodily injury cannot be deemed*

---

[2]     Section 667, subdivision (a), mandates that "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

7

*equivalent to a finding of great bodily injury*. The jury conscientiously applied the instructions given and decided that the victim's bone fracture did not constitute great bodily injury because it was only a 'moderate' injury within the meaning of CALJIC No. 17.20. This is a factual determination that is reserved for the jury. [Citation.] In its verdicts, the jury distinguished between great bodily injury and serious bodily injury, because only the latter was defined to include a bone fracture, as the prosecutor herself noted in closing argument. Thus, the jury's finding that the bone fracture fell within the definition of serious bodily injury was not equivalent to a finding of great bodily injury." (*People v. Taylor*, *supra*, 118 Cal.App.4th at pp. 24-25, fn. omitted, italics added.) *Taylor* itself acknowledged it was dealing with a unique circumstance -- where the lawyers distinguished between the two concepts in closing argument, the jury distinguished between them in its findings, and the jury was never told the terms had the same meaning -- as a result of which "we cannot apply the usual assumption that the two terms have essentially the same meaning." (*Id*. at p. 26.)

The situation in the case at bar has no similarity to *Taylor* and, applying the usual standard of review for assessing claims of insufficient evidence, we conclude the evidence here was sufficient to sustain the juvenile court's finding that B.P. violated section 243, subdivision (d), when she assaulted Selena.

2. *Count 2 should have been dismissed*.

B.P. contends, and the Attorney General concedes, that the juvenile court's true finding on count 2 for misdemeanor battery should be reversed because it is a lesser included offense of the court's true finding on count 1 for battery with serious bodily injury and a criminal defendant may not be convicted of both a greater and lesser included offense for the same conduct. (See e.g. *People v. Modiri* (2006) 39 Cal.4th 481, 489, fn. 4; *People v. Montoya* (2004) 33 Cal.4th 1031, 1033.) We agree.

We will vacate the true finding on count 2.

8

3.  *Maximum term of confinement should be reduced by two months.*

B.P. contends, and the Attorney General concedes, that the juvenile court erred when it included an additional two months of maximum confinement time for the count 2 misdemeanor battery finding.

In calculating B.P.'s maximum term of confinement, the juvenile court combined the true findings in the instant petition along with two other sustained petitions to arrive at a total maximum term of confinement of five years and two months.  Two months of that time were apparently based on the count 2 true finding which, as explained *ante*, will be vacated.  We will order the record amended to reflect a maximum term of confinement of five years.

## DISPOSITION

The judgment is affirmed as modified.  The juvenile court's true finding on count 2 (misdemeanor battery) is vacated and the maximum term of confinement is reduced to a period of five years.  The juvenile court is directed to amend its adjudication minute order in conformance with this opinion.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EDMON, J.[*]


We concur:



KLEIN, P. J.                                                              KITCHING, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9