Filed 5/30/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Gary F., a Person Coming Under the Juvenile Court Law.<br><br>_____<br><br>THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>Gary F.,<br><br>      Defendant and Appellant. | H039701<br>(Santa Clara County<br> Super. Ct. No. 312JV39739A) |

The juvenile court sustained a wardship petition charging Gary F., a minor, with conduct that would have constituted first degree residential burglary if committed by an adult. (Pen. Code, §§ 459, 460, subd. (a).)[1] The court placed the minor on formal juvenile probation for six months, assessed $200 in attorney fees, and directed the minor and his parents to the Department of Revenue to arrange for payment of the attorney fees.

On appeal, the minor contends the evidence was insufficient to sustain a finding of first degree residential burglary. The minor also contends the court lacked authority to assess attorney fees against him because he was under the age of 18 when he committed the offense.

We conclude the evidence was sufficient to support the juvenile court's finding that the minor engaged in conduct that would constitute first degree residential burglary if

---

[1] Subsequent undesignated statutory references are to the Penal Code.

committed by an adult, but we will modify the judgment to reflect that the minor is not liable for attorney fees.  We will affirm the judgment as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of August 16, 2012, Bret Fountaine was watering the lawn outside his home in San José.[2]  He saw four boys along the street in front of his house. Two of the boys were on bicycles, and two were on foot.  The two boys on foot were on opposite sides of the street, going door-to-door to various houses on the street.  The two boys on bicycles were circling in the street.  Fountaine later identified appellant as one of the two boys on bicycles.

One of the boys on foot walked past Fountaine's house toward a neighbor's house. The boy disappeared from Fountaine's view, so Fountaine ran out to the street to follow him.  The minor was circling his bicycle in front of a house belonging to Fountaine's neighbor, Steve Gomes.  Fountaine noticed that Gomes' back gate was open, which Fountaine thought was unusual.  As Fountaine approached the back of Gomes' house, the minor appeared nervous.  When Fountaine went into the backyard, the minor started whistling.

Fountaine saw that a window in the back of Gomes' house had been dismantled, and the boy who had walked past Fountaine's house was now inside Gomes' house. Fountaine yelled at the boy, and the boy ran out the front door of the house.  Fountaine then ran around to the front of Gomes' house; all four boys were in front of Gomes' house.  Fountaine yelled at them.  The two boys on foot started running away while the two boys on bicycles rode away.  Fountaine told his daughter to call the police while he

---

[2] Appellant requests that we take judicial notice of certain maps and photographs of this area that were not made part of the record below.  We hereby grant the request as to the maps, but we deny the request as to the photographs.  We conclude that such photographs are not subject to judicial notice under Evidence Code section 452.

followed the boys in his car. After police detained the minor, Fountaine identified him to the police.

The parties stipulated that Gomes, who arrived home later, did not give anyone permission to enter his residence. Gomes told police the burglar had opened some of his kitchen cabinets, but Gomes could not find anything missing.

The District Attorney filed a wardship petition under Welfare and Institutions Code section 602 alleging that the minor engaged in conduct that would constitute first degree residential burglary if committed by an adult. (§§ 459, 460, subd. (a).) After a contested jurisdictional hearing, the juvenile court found the allegation proven beyond a reasonable doubt and sustained the petition. The court placed the minor on formal juvenile probation for six months without wardship and imposed various conditions of probation. The court also assessed attorney fees of $200 and referred the minor and his parents to the Department of Revenue to arrange for payment of these fees and other fines. The minor lodged no objections to the imposition of attorney fees.

The minor was 17 years old at the time of the offense. At the time of disposition, when the court assessed attorney fees, the minor was 18 years old.

## II. DISCUSSION

A. *Sufficiency of the Evidence*

The minor contends the evidence was insufficient to prove beyond a reasonable doubt that he engaged in conduct that would constitute first degree residential burglary if committed by an adult. We disagree.

1. *Standard of Review*

"The standard of proof in juvenile proceedings involving criminal acts is the same as the standard in adult criminal trials. [Citation.]" (*In re Jose R.* (1982) 137 Cal.App.3d 269, 275.) "In considering the sufficiency of the evidence in a juvenile proceeding, the appellate court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—such that a

3

reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  We must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence [citation] and we must make all reasonable inferences that support the finding of the juvenile court.  [Citation.]' ''  (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088-1089.)  Substantial evidence is "evidence which is reasonable, credible, and of solid value . . . ."  (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

2.  *Sufficient Evidence Supports the Juvenile Court's Finding*

At the jurisdictional hearing, the prosecutor argued that the minor aided and abetted the residential burglary by standing lookout for the burglar and whistling to alert him as Fountaine approached.  A person aids and abets the commission of a crime when he or she, "acting with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or advice aids, promotes, encourages or instigates, the commission of the crime."  (*People v. Beeman* (1984) 35 Cal.3d 547, 561.)

The minor does not dispute that the boy who entered the home committed burglary.  Rather, he argues that his mere presence at the burglary did not constitute aiding and abetting.  Indeed, "Mere presence at the scene of a crime which does not itself assist the commission of the crime does not amount to aiding and abetting."  (CALJIC No. 3.01 (2009 rev.); *Pinell v. Superior Court of San Francisco* (1965) 232 Cal.App.2d 284, 287.)  But the evidence in this case is sufficient to support a reasonable inference that the minor here was not merely present at the scene of the crime, but intended to facilitate or encourage the burglary, and engaged in conduct that did so.

"Among the factors which may be considered in making the determination of aiding and abetting are: presence at the scene of the crime, companionship, and conduct before and after the offense."  (*In re Lynette G.* (1976) 54 Cal.App.3d 1087, 1094.)  "In

4

addition, flight is one of the factors which is relevant in determining consciousness of guilt." (*Id.* at p. 1095.)

Fontaine testified that he had previously seen the minor riding his bicycle on his street with the other three boys.[3] On the day of the offense, after Fontaine entered the backyard of Gomes' house, the minor stopped his bicycle and waited in front of the same house. Furthermore, when the burglar exited Gomes' home through the front door, the minor was still there waiting for him, together with the other boys who had been on the street. A reasonable trier of fact could infer from this evidence that the boys were companions acting in concert according to a common plan such that the minor had foreknowledge of the burglary and harbored the intent to encourage or facilitate it.

The minor contends he did not engage in any conduct or take any action aiding the burglary. The evidence, however, supports a contrary conclusion. Fontaine testified that the minor appeared nervous when Fontaine first approached the back of Gomes' house. At that point, the minor began whistling. A reasonable trier of fact could conclude that the minor was acting as a lookout for the burglar and attempted to alert the burglar to Fontaine's presence. By protecting a burglar from being caught, a lookout necessarily encourages and facilitates the commission of the offense. "Such conduct is a textbook example of aiding and abetting." (*People v. Campbell* (1994) 25 Cal.App.4th 402, 409.)

For these reasons, we find the evidence sufficient to support the juvenile court's finding, and the minor's claim is without merit.

B. *Assessment of Attorney Fees*

The minor also contends the juvenile court lacked authority to assess attorney fees against him as a minor. He argues that the order must be modified to clarify that his

---

[3] Fontaine later contradicted himself and testified that they were not necessarily the same four boys, but we must view the evidence in the light most favorable to the judgment. (*In re Babak S., supra,* 18 Cal.App.4th at pp. 1088-1089.)

5

parents are solely responsible for the fees. He also argues that the court erred by failing to make any finding of his ability to pay the fees.

The Attorney General argues that the court had the authority to impose the fees because the minor was an adult when the fees were assessed. As to the minor's ability to pay the fees, the Attorney General contends the evidence was sufficient to support such a finding, but the minor forfeited this claim in any event by failing to object.

As an initial matter, it is not clear whether the court imposed the fee on the minor personally as opposed to his parents. The court stated, "I'll assess attorney's fees for four [appearances] of substance, set those at $200. The parents and the minor are referred to [the] Department of Revenue within 30 days to arrange for payment of these fees and any other fines fees, penalty assessments and reimbursable costs." The probation officer's recommendations, which the court ordered attached to the written order of disposition, states, "The minor and his parents are jointly and severally responsible for the payment of fines, penalty assessments, and/or restitution, as ordered by the Court[.]" A handwritten addition to the recommendations states, "Attorney fees $200.00." The order is signed by the court.

The juvenile court's authority to assess attorney fees is set forth in Welfare and Institutions Code section 903.1, subdivision (a), which provides, in relevant part, "The father, mother, spouse, or other person liable for the support of a minor, the estate of that person, and the estate of the minor, shall be liable for the cost to the county or the court, whichever entity incurred the expenses, of legal services rendered to the minor by an attorney pursuant to an order of the juvenile court." This statute makes the parents of the minor liable for attorney fees incurred pursuant to an order of the juvenile court. Nothing in the language of this statute authorizes the imposition of attorney fees directly on a minor. Furthermore, the statute imputes liability to the parents for "the cost to the county or the court, whichever entity *incurred the expenses, of legal services rendered to the*

6

*minor . . . .*" (Italics added.) This language suggests the liability corresponds to those expenses incurred when the legal services are rendered to a minor.

The Attorney General contends that because the minor was 18 years old when the court assessed attorney fees, he is liable for the fees under *In re Jesse V.* (1989) 214 Cal.App.3d 1619 (*Jesse V.*). There, the juvenile committed the offense while he was under 18 years of age, but he turned 18 years old four days after the wardship petition was filed. Shortly thereafter, counsel was appointed to represent both the juvenile and his mother jointly. The juvenile court imposed attorney fees on the mother, who appealed. The court of appeal reversed and held that the mother was not liable for the juvenile's attorney fees because the juvenile was 18 years old when the court appointed him counsel. (*Id.* at p. 1624.)

*Jesse V.* is inapposite here. First, that case concerned the liability of the *parent*, not the minor. More critically, *Jesse V.* is distinguishable because the minor in this case was still a minor when counsel was appointed.[4] As the court noted in *Jesse V.*, "This liability is based on a preexisting obligation to provide reasonable and necessary support to the minor." (*In re Jesse v.*, *supra*, 214 Cal.App.3d at p. 1624, citing *In re Ricky H.* (1970) 2 Cal.3d 513, 518 [waiver by minor of right to appointed counsel in a juvenile proceeding is neither voluntary nor intelligent].) In this case, the parents' obligation existed when counsel was appointed, since the minor was under the age of 18 at that time. "[C]ounsel fees incurred on behalf of a minor child are in the nature of 'necessaries' for which the parents are liable." (*In re Ricky H.*, *supra*, 2 Cal.3d at p. 521.) Because the parents' liability flows from that obligation, only parents may be held liable for attorney

---

[4] Although the record does not indicate exactly when counsel was appointed, it appears the minor was represented by the Public Defender's Office at least as early as December 18, 2012. Appellant did not turn 18 years old until 2013.

fees under the statute.[5]  Accordingly, we hold that Welfare and Institutions Code section 903.1 does not authorize juvenile courts to impose attorney fees on a minor if the minor is under 18 years of age when counsel is appointed.[6]

For these reasons, we will order the judgment modified to clarify that the minor is not liable for attorney fees ordered in this case.  Accordingly, we need not reach appellant's remaining arguments as to this claim.

### III.    DISPOSITION

The judgment is modified as follows:  The minor is not liable for the amount of $200 in attorney fees assessed by the juvenile court.  As modified, the judgment is affirmed.

---

[5] Furthermore, because the juvenile court lacked jurisdiction to impose attorney fees on the minor, any such sentence was unauthorized, such that appellant's claim was not forfeited by the failure to object below.  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

[6] We do not opine on the liability of minors for attorney fees under the statute when counsel is appointed after the minor turns 18 years old; that issue is not before us.

_____
MÁRQUEZ, J.

We concur:

_____
RUSHING, P.J.

_____
PREMO, J.

People v. Gary. F.
H039701

9

Trial Court:                                      Santa Clara County
Superior Court No.: 312JV39739A

Trial Judge:                                      The Honorable Jesus Valencia Jr.


Attorney for Defendant and Appellant              Victoria Hobel Schultz
Gary F.:                                          under appointment by the Court of
Appeal for Appellant


Attorneys for Plaintiff and Respondent            Kamala D. Harris,
The People:                                       Attorney General

                                                  Dane R. Gillette,
                                                  Chief Assistant Attorney General

                                                  Gerald A. Engler,
                                                  Senior Assistant Attorney General

                                                  Ronald E. Niver,
                                                  Deputy Attorney General

                                                  Christina vom Saal,
                                                  Deputy Attorney General

                                                  Roni Dina Pomerantz,
                                                  Deputy Attorney General


People v. Gary F.
H039701