Filed 2/25/15  In re Francisco D. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Francisco D., a Person Coming Under the Juvenile Court Law. | H041168<br>(Santa Clara County<br> Super. Ct. No. 313JV39941) |
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br> v.<br><br>Francisco D.,<br><br> Defendant and Appellant. | |

A petition was filed on January 13, 2014 (the C Petition), alleging that Francisco D., a minor (15 years old at the time of the petition's filing), came within the provisions of Welfare and Institutions Code section 602.  The C Petition charged the minor—who was at the time on probation—with conduct that would have constituted felonies or misdemeanors if committed by an adult, namely, attempted theft or unauthorized use of a vehicle, a felony (Pen. Code, § 664 - Veh. Code, § 10851, subd. (a); count 1); and using or being under the influence of a controlled substance, a misdemeanor (Health & Saf. Code, § 11550, subd. (a); count 2).[1]  On April 14, 2014, the court sustained the allegations of the C Petition as to the felony count of attempted vehicle theft.  The same

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

day, the minor admitted count 2, as amended, of the C Petition (misdemeanor use of a controlled substance), and admitted felony possession of a sap (§ 22210), as alleged in a later petition (the D Petition) filed by the District Attorney.

The court ordered the minor continued as a ward of the court; adjudged that the maximum time of confinement was six years, one month; and granted probation subject to a number of terms and conditions. It subsequently issued an order granting victim restitution in the sum of $200.

The minor filed an appeal. We will order that the minor is not personally liable for attorney fees awarded by the court. As modified, we will affirm the court's dispositional order of April 29, 2014, and will affirm its victim restitution order of June 23, 2014.

FACTS

Pedro H. owned a 1995 Honda Accord. At approximately 10:30 p.m. on January 9, 2014, Pedro and his girlfriend were in her car in front of Pedro's house on David Avenue in San José. They were about 10 to 15 feet away from Pedro's parked car. Pedro heard a noise similar to when a car is locked and observed a male sitting in the driver's seat of the Honda. Pedro approached the passenger's side of his car and asked the male what he was doing or looking for; the male then ran away. At that time, Pedro noticed a second person standing outside of the Honda, who also ran away. He asked his girlfriend to call the police.

Pedro believed the male was trying to start his car. Pedro had observed the male's hands by the ignition area and later determined the ignition area had been damaged. Pedro saw the male's face from approximately seven feet away, and he described the person as having skin color like his own, no hair, and wearing a black jacket and dark jeans. He gave that description to the police when they responded.

Several hours later, between 2:00 and 3:00 a.m., Campbell Police Officer Andre Ribeiro drove Pedro to the police station. When they arrived, the minor was presented in

2

handcuffs while Pedro sat in a police car. Pedro positively identified the minor as the male who had been inside his Honda earlier that evening. Pedro also made an in-court identification of the minor as the male he had observed in his car. Pedro never gave the minor permission to enter his car or to drive it.

PROCEDURAL BACKGROUND

The C Petition was filed on January 13, 2014, alleging against the minor the felony and misdemeanor counts of attempted auto theft and using or being under the influence of a controlled substance, respectively. The prosecution later amended count 2 to a misdemeanor charge of using a controlled substance. At the time of the C Petition's filing, the minor was on probation after the court had sustained in April 2013 the allegations of a prior petition (the A Petition). Five counts had been alleged in the A Petition: theft or unauthorized use of a vehicle, a felony (Veh. Code, § 10851, subd. (a)); reckless driving in attempting to evade a peace officer, a felony (Veh. Code, § 2800.2, subd. (a)); buying or receiving a stolen motor vehicle, a felony (§ 496d); disturbing the peace at a school, a misdemeanor (§ 415.5, subd. (a)); and resisting, delaying, or obstructing a peace officer, a misdemeanor (§ 148, subd. (a)(1)). In September 2013, the minor had also admitted a probation violation. While the charges in the C Petition were pending in April 2014, the new D Petition was filed alleging felony possession of a sap (§ 22210).

On April 14, 2014, after a contested jurisdictional hearing in which there was testimony from two witnesses and argument of counsel, the court sustained the allegations of the C Petition as to the felony count of attempted vehicle theft (count 1). The same day, the minor admitted count 2, as amended, of the C Petition (misdemeanor use of a controlled substance), and admitted the felony possession of a sap charged in the D Petition. As to the charge in the D Petition, the court determined it to be a wobbler and sustained the charge as a felony.

On April 29, 2014, the court ordered the minor continued as a ward of the court; returned custody of the minor to his parents, subject to the supervision of the Probation Officer; deferred issuance of the minor's driver's license for one year; adjudged that the maximum time of confinement was six years, one month; determined that the minor was entitled to 114 days of credits for time served; ordered payment of $250 for attorney fees, a restitution fine of $110, and a fine and penalty assessment of $158; made an ability to pay finding with respect to the attorney fees ordered; and granted probation subject to a number of terms and conditions. At a restitution hearing on June 23, 2014, the court ordered victim restitution of $200 to Pedro H.

DISCUSSION

We appointed counsel to represent the minor in this court. Appointed counsel filed an opening brief which stated the case and the facts but raised no specific issues. We notified the minor of his right to submit written argument on his own behalf within 30 days. We have received no written argument from the minor.

We have reviewed the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *In re Kevin S.* (2003) 113 Cal.App.4th 97. Based upon that review, we have concluded that there is no arguable issue on appeal.[2]

---

[2] From our review of the record, it is unclear whether the court, after making a finding as to the minor's ability to pay, may have ordered the minor, as well as his parents, to pay attorney fees (in addition to other fines and fees assessed). When imposing the payment of attorney fees for the representation of a minor in delinquency proceedings under Welfare and Institutions Code section 903.1, subdivision (a), the court may not impose personal liability upon the minor, if he or she was under 18 when counsel was appointed. (*In re Gary F.* (2014) 226 Cal.App.4th 1076, 1083.) To the extent that the court's order may be construed as having imposed personal liability upon the minor for attorney fees, it was not authorized by statute, and we will modify the order to clarify it on that issue.

4

## DISPOSITION

The dispositional order of April 29, 2014, is modified to reflect that the minor has no personal liability for payment of attorney fees.  As so modified, the April 29, 2014 order is affirmed and the June 23, 2014 restitution order is affirmed.

_____
Márquez, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Mihara, J.