Filed 8/12/15  In Re Ricardo G. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE RICARDO G., a Person Coming Under the Juvenile Court Law. | H041427 (Santa Clara County Super. Ct. No. 3-12-JV-39187A-G) |
| THE PEOPLE, Plaintiff and Respondent, v. RICARDO G., Defendant and Appellant. | |

Minor Ricardo G. challenges the juvenile court's order referring his parents to the Santa Clara County Department of Revenue for an evaluation of their ability to pay $50 in attorney fees, arguing that the court's statements at a hearing could be construed as requiring minor to pay those fees as a condition of probation.  For the reasons stated here, we will affirm.

## I.    JUVENILE COURT PROCEEDINGS

A Welfare and Institutions Code section 602, subdivision (a)[1] juvenile dependency petition filed in May 2012 (Petition A) alleged that minor violated Vehicle Code section 10851, subdivision (a) by taking and driving a car without the owner's consent.  Minor

---

[1]  Unspecified statutory references are to the Welfare and Institutions Code.

1

admitted the allegation and the juvenile court sustained the petition, declared minor a ward of the court, and placed him on formal probation.

In July, August, and November 2013, four additional juvenile dependency petitions (Petitions B through E) were filed alleging that minor violated the terms of his probation. Petition E alleged that minor had been terminated from an electronic monitoring program for positive drug tests. Minor admitted those allegations at a November 2013 hearing.

Before reinstating probation, the juvenile court told minor he was obliged to pay "[f]ines, fees[, and] penalty assessments ... ." The court then separately addressed minor's mother, informing her that "[a]ny fines, fees, penalty assessments, and restitution previously imposed and any attorney fees and other reimbursable costs imposed in this matter, you continue to be responsible for." Later, the court stated: "Attorney's fees will be set at $50. You are ordered to report to Department of Revenue within 30 days to arrange for payments and installments of these fees."

The form minute order for that hearing indicates that "parents are ordered to appear within thirty days before a financial officer from the Department of Revenue for an evaluation of the ability to pay" $50 in Public Defender fees. (Capitalization and emphasis omitted.) Based on two later juvenile dependency petitions filed in 2014 (Petitions F and G), the juvenile court committed minor to the Santa Clara County Juvenile Ranch Facilities - Enhanced Ranch Program for six to eight months.

## II.    DISCUSSION

Minor's sole argument on appeal is that the juvenile court improperly ordered him to pay $50 in attorney fees related to Petition E. Section 903.1, subdivision (a) provides: "The father, mother, spouse, or other person liable for the support of a minor, the estate of that person, and the estate of the minor, shall be liable for the cost to the county or the court, whichever entity incurred the expenses, of legal services rendered to the minor by an attorney pursuant to an order of the juvenile court." (§ 903.1, subd. (a).) This court

2

previously determined that section 903.1 "does not authorize juvenile courts to impose attorney fees on a minor if the minor is under 18 years of age when counsel is appointed." (*In re Gary F.* (2014) 226 Cal.App.4th 1076, 1083.)

The record does not support minor's argument that the juvenile court ordered *him* to pay attorney fees. The juvenile court differentiated between the items for which minor was responsible and those that would be borne by his parents. The court informed minor that he was responsible for "[f]ines, fees[, and] penalty assessments" before explaining to mother that she was responsible for not only those items but also "any attorney fees and other reimbursable costs imposed in this matter ... ." The minute order accurately specifies that *parents* are ordered to appear for an ability to pay evaluation before the Department of Revenue. While the court's oral statement that "You are ordered to report to Department of Revenue within 30 days to arrange for payments and installments" of the attorney fees may be ambiguous if read in isolation, in light of the entire record we conclude that the juvenile court's order regarding attorney fees was directed not to minor but to his parents.

## III. DISPOSITION

The dispositional order is affirmed.

3

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.

*In re Ricardo G.; People v Ricardo G.*
**H041427**