Filed 10/21/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re R.C., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B293846 (Super. Ct. No. 2018028124) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>R.C.,<br><br>    Defendant and Appellant. | |

An attempt to commit armed robbery is extremely dangerous. Appellant is lucky he was not shot to death by the store clerk who resisted his attempt to commit this offense. He would not have been the first attempted robbery culprit to meet this fate. He appeals from the judgment entered after the juvenile court sustained a juvenile delinquency petition (Welf. & Inst. Code, § 602) for assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) and attempted second degree robbery (Pen. Code, §§ 664/221). The juvenile

court placed appellant on probation with electronic monitoring and ordered restitution. We affirm.

*Facts and Procedural History*

At 4:00 a.m. in the morning of August 14, 2018, 14-year-old appellant and 15-year-old E.B. entered a 7-11 store to commit an armed robbery. A lookout was posted outside the store. Appellant wore a black hoodie and ski mask, and brandished a black metal BB pistol. E.B. wielded a silver metal BB pistol. Appellant "slammed" a bag on the counter and ordered the clerk to put the money in the bag. The clerk resisted, wrestling the BB gun from appellant. E.B. intervened and pistol-whipped the clerk allowing them to flee. The crimes were filmed on the store surveillance video.

At the adjudication hearing, appellant admitted that he brandished the BB gun to scare the clerk "into putting the money into the bag." He claimed E.B.'s assault on the clerk was unintended. His attorney argued that "the aiding and abetting standard should . . . be revised for juveniles to . . . recognize[] the developmental differences between the adult brain and the adolescent brain." This theory was/is based upon a law review article, "Kids Will be Kids: Time for a 'Reasonable Child' Standard for the Proof of Objective Mens Rea Elements." (Northop & Rozen, 69 Me. L.Rev. 109 (2017).) The fair import of this law review article is as follows: "Based on the goals of the juvenile system, significant advances in adolescent development research and recent Supreme Court holdings on juvenile culpability, we argue here that the juvenile code should be amended to explicitly refer to a reasonable child standard for any mens rea element that relies on a reasonable person as the measure for criminal culpability." (*Id*. at p. 112, italics omitted.)

In sustaining the petition, the trial court stated "I don't think the brain science argument really pertains to the issues of legal liability so much as it does to [the] appropriate disposition in the case. [¶] It's clear that the three persons involved in this event all were fairly well involved in what was going to happen. They all had their roles to play: the lookout, the two people that went into the store with masks and simulated firearms. . . . [I]t was a fairly well planned out event. And the fact that it went in a direction that maybe they didn't anticipate when the clerk decided to resist . . . does not in the Court's view amount to any kind of due process violation to apply the normal princip[les] of accomplice liability under these circumstances."

*Natural and Probable Consequences Doctrine*

Under the natural and probable consequences doctrine, an aider and abettor is guilty not only of the intended target (here robbery) offense, but also of any other offense that was a "'natural and probable consequence'" of the crime aided and abetted. (*People v. Prettyman* (1996) 14 Cal.4th 248, 260 (*Prettyman*); see *In re Eduardo M.* (2006) 140 Cal.App.4th 1351, 1358-1359 [applying general principles of aider and abettor liability to juveniles].) "The inquiry does not depend on whether the aider and abettor actually foresaw the nontarget offense," but rather on whether that outcome was objectively likely or foreseeable. (*People v. Chiu* (2014) 59 Cal.4th 155, 161-162 (*Chiu*).)

The doctrine is based upon an objective standard. (*People v. Nguyen* (1993) 21 Cal.App.4th 518, 531 (*Nguyen*).) "'Because the nontarget offense is unintended, the mens rea of the aider and abettor with respect to that offense is irrelevant and culpability is imposed simply because a reasonable person could

3

have foreseen the commission of the nontarget crime.' [Citation.]" (*Chiu, supra,* 59 Cal.4th at p. 164.)

Appellant and E.B. armed and disguised themselves, and entered the store to commit a robbery. When the store clerk tried to disarm appellant, E.B. pistol-whipped the clerk and fled with appellant. It was foreseeable that E.B. would use the pistol as a weapon. Why else would he bring it to the scene of the crime? Substantial evidence supports the finding that E.B.'s assault was a natural and probable consequence of the armed robbery. (*Prettyman, supra,* 14 Cal.4th at pp. 262-263.) Appellant's liability as an aider and abettor of the assault was based on his joint participation in an extremely dangerous situation that he helped create. (See, e.g., *In re Gary F.* (2014) 226 Cal.App.4th 1076, 1080 [aider and abettor liability based on presence at the scene of the crime, companionship with principal actor, conduct before and after the offense, and flight]; *In re Lynette G.* (1976) 54 Cal.App.3d 1087, 1094-1095 [same].)

In *People v. Fagalilo* (1981) 123 Cal.App.3d 524, defendant and three codefendants entered a Thrifty Drug Store to commit a robbery. Defendant reached for the money in the cash register but the cashier pushed him away. When the assistant manager tried to assist the cashier, one of the codefendants threw a bottle of wine at the assistant manager. He "ducked" but two customers were hit by the bottle and broken glass. (*Id.* at p. 528.) The Court of Appeal held that "[t]he evidence was . . . sufficient to establish [defendant's] liability as an aider and abetter of [co-defendant's] assault. The defendants entered the store together and escaped together. The jury could reasonably infer that they were jointly engaged in a robbery, the natural and probable

consequences of which included resistance by any of the defendants to avoid capture. [Citations.]" (*Id*. at p. 532.)

*The Non-Developed Brain Theory*

Appellant argues that the concept of holding a juvenile responsible for the natural and probable consequences of a robbery, i.e., the assault directly committed by E.B., violates due process principles because a 14-year-old lacks the capacity to anticipate the consequences of criminal conduct.[1] This argument confuses criminal capacity with aider and abettor liability which focuses on whether a criminal act was a natural and probable consequence of another criminal act. (*Nguyen, supra*, 21 Cal.App.4th at p. 531 [defendant's subjective state of mind not considered.] At oral argument appellant drew an analogy to the situation where a defendant is both visually impaired and hearing impaired. Such a defendant's criminal liability should be measured with these disabilities in mind. (See *People v. Mathew* (1994) 25 Cal.App.4th 89, 98-100.) Theorectical immaturity and "non-developed brain" does not equate with physical diability. Physical disabilities are objectively verifiable. Immaturity and a "non-developed brain" are not objectively verifiable. The analogy is not apt.

Based on appellant's construction of the law, the trial court must consider "non-developed brain" and impulsivity in determining aider and abettor liability. This would require significant re-writing of juvenile law. This is not our legitimate function. This novel theory is best addressed to the Legislature. We express no opinion on its wisdom. We agree with the juvenile

_____

[1] Appellant does not challenge the second degree robbery adjudication. At oral argument he conceded. That the "non-developed brain theory" would not apply to the robbery.

5

court that this subjective component goes to the issue of disposition, not adjudication. (See, e.g., *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1386-1387 [trial court may not impose life without parole without considering youth's cognitive maturity under *Miller v. Alabama* (2012) 567 U.S. 460].)

The judgment (order of wardship) is affirmed.

CERTIFIED FOR PUBLICATION.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

Todd W. Howeth, Public Defender, Michael C. McMahon, Sr. Deputy Public Defender for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stacy S. Schwartz, David Glassman, Deputy Attorneys General, for Plaintiff and Respondent.